1  Lenard E. Schwartzer
   Nevada Bar No. 0399
2  Jeanette E. McPherson
   Nevada Bar No. 5423
3  Jason A. Imes
   Nevada Bar No. 7030
4  Schwartzer & McPherson Law Firm
5  2850 South Jones Boulevard, Suite 1
   Las Vegas, Nevada  89146-5308
6  Telephone:  (702) 228-7590
   Facsimile:  (702) 892-0122
7  E-Mail:  bkfilings@s-mlaw.com
8  Attorneys for Debtor and Debtor in Possession

9              UNITED STATES BANKRUPTCY COURT

10                  DISTRICT OF NEVADA

11  In re:                              | Case No. BK-S-10-26707-LBR
    REGAL PLAZA, LLC                    | Chapter 11
12                                      |
13                            Debtor.   | **MOTION TO ESTABLISH VALUES OF**
                                        | **SHOPPING CENTER FOR PURPOSES**
14                                      | **OF PLAN OF REORGANIZATION**
15                                      |
                                        | Date:   January 26, 2011
16                                      | Time:  2:00 p.m.

17        REGAL PLAZA, LLC, the debtor and debtor-in possession ("Debtor") in the above-

18  captioned chapter 11 case, by and through undersigned counsel, hereby files this Motion To

19  Establish Values of Shopping Center for Purposes of Plan of Reorganization ("Motion").  This

20  Motion is made and based upon 11 U.S.C. § 506(a) and Bankruptcy Rule 3012. As set forth in the

21  Motion, the Debtor respectfully request that this Court enter an order establishing the value of the

22  Shopping Center owned by the debtor for purposes of a plan of reorganization.  The value will

23  determine the secured status of Nevada State Bank.

24        This Motion is made and based upon the Points and Authorities set forth herein, and the

25  oral arguments of counsel the Court may wish to entertain at a hearing on the Motion, if any.

26  / / /

27  / / /

28  / / /

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## POINTS AND AUTHORITIES

### FACTS

1.    The Debtor owns the real property and improvements located at 5831 W. Craig Road,  Las Vegas, NV (at the corner of Jones Boulevard) described as Assessor's Parcel Number   138-01-312-002 (the "Shopping Center"). The Shopping Center is a neighborhood shopping center which was originally constructed in 2000 on 5.72 acres which are operated as the Regal Plaza.   There is 56,097 square feet of rentable space, approximately 22,510 square feet are currently occupied by tenants and 23,187 square feet are currently being improved for tenants with signed leases ("Tenants").

2.    The market value of the leased fee "As Is" of the Shopping Center is **Eight Million Six Hundred Thousand Dollars ($8,600,000).**

3.    The Shopping Center is subject to a deed of trust securing a loan in the approximate amount of $7,500,000 to the Nevada State Bank (the "Bank").

4.    The value of the Shopping Center is based on the Appraisal of the Property prepared by  Charles E. Jack, MAI, as of September 24, 2010, a copy of which is attached to the Declaration of Charles E. Jack, filed contemporaneously with this motion (the "Appraisal").  A Summary Appraisal Report is attached hereto as **Exhibit "1"**.

5.    According to the Appraisal, the value of the Shopping Center is less than the Debtor's opinion of value, which was $10,777,000 as stated in the Debtors' Schedules [Docket #1].

### Memorandum of Law

1.    11 U.S.C. § 506(a) provides that:

(a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

2.  Bankruptcy Rule 3012 provides:

**Valuation of Security**

The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

See, e.g., *In re Crestwood Co.*, 127 B.R. 213 (Bankr.E.D.Ark. 1991) (debtor did not have to file adversary proceeding to determine value of creditor's collateral, but could proceed by way of motion); *Ontra, Inc. v. Wolfe*, 192 B.R. 679, 687 (W.D.Va. 1996); *In re Levitt & Sons, LLC*, 384 B.R. 630, 643-4 (Bankr. S.D. Fla. 2008) (request to value collateral for purpose of stripping off junior lien may be made by motion and does not require adversary proceeding); *In re Kleibrink*, 2007 WL 2438359 (N.D.Tex. 2007); (same).

3.  11 U.S.C. § 1129(b) provides that a plan of reorganization may impair secured creditors, may modify the rights of creditors holding secured claims.  In this case, the Debtors will propose a plan of reorganization which pays the Bank in full over a period of 10 years.

4.  In order to confirm a proposed plan of reorganization it will be useful for this Court to determine the value which will be used in the confirmation hearing of the plan of reorganization. The determination of values of the Shopping Center at this time will facilitate and expedite the confirmation of a plan of reorganization and the reorganization process.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

P:\Regal Plaza, LLC\Motion to Set Value\Motion to Set Value of Shopping Center 122310.doc

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CONCLUSION</u>

In consideration of the foregoing, Debtors request that the Court enter an order setting the value of the Shopping Center for purposes of confirmation at **Eight Million Six Hundred Thousand Dollars ($8,600,000).**

Dated this 27th day of December, 2010.

SCHWARTZER & MCPHERSON LAW FIRM

By:
Lenard E. Schwartzer, Esq.
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Attorneys for Debtor and Debtor in Possession

P:\Regal Plaza, LLC\Motion to Set Value\Motion to Set Value of Shopping Center 122310.doc

# EXHIBIT "1"

# CHARLES E. JACK APPRAISAL & CONSULTING, INC.

**Charles E. Jack IV, MAI**
**President**

November 24, 2010

**Real Estate Appraisal & Real**
**Estate Consulting**

Mr. Lenard Schwartzer, Esq.                                    **FILE: CJ2010-023**
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308

**Including:**

**Financing**

RE: For an appraisal report communicated in summary format. The subject property
is located at 5831 W Craig Rd, Las Vegas, NV 89130. The subject property is
an existing retail development with a gross building area of approximately
56,097± rentable square feet of building area located on a site containing
approximately 249,163± net square feet or 5.72± acres. The property may also
be referenced as Clark County Assessor's Parcel Number 138-01-312-002.

**Litigation Support**

**Estate**

Dear Mr. Schwartzer:

In response to your request and authorization, I inspected the above referenced property on
September 24, 2010 and again on November 8, 2010 to prepare an appraisal report
communicated in summary appraisal format as of a current date. The scope of work was
defined to include the Sales Comparison Approach and the Income Approach. The Cost
Approach was not stressed due to a dearth of available land sales coupled with large levels of
external depreciation and/or obsolescence that can only be estimated from income or sales
comparison methods. (In other words, the Cost Approach is currently dependent on
computations based on income and/or sales comparison methods.) As of the inspection date
of this report the subject was an existing multitenant retail development.

**Tax Appeal**

**Condemnation**

**Partial Interests**

The client has requested a summary appraisal report, and understands the essential difference
between a "self-contained appraisal report" and a "summary appraisal report," as the level of
detail of presentation. For reference, a self-contained report includes all necessary detail and
the appraiser is stated to "describe" the information at a comprehensive level of detail. In
comparison, the summary report "summarizes" information in a concise manner. Less crucial
details may be left out of the "summary" report format and contained in the appraiser's files in
order to achieve this "conciseness". By definition, the summary report is not self-contained.

**Lease-by-Lease**

**Feasibility Analysis**

**Market Analysis**

The purpose of this summary report is to estimate the "As Is" market value of the leased fee
estate ownership rights of the subject property as of a current effective date of valuation as of
November 8, 2010. The intended use of this appraisal report is to establish a market value for
use in a bankruptcy proceeding. The appraiser intends this report only for use by the client
for the intended use stated. Any other use of this appraisal by any party not in relation to the
client and the client's intended use is considered an unauthorized use of this report.

**Easements**

**Leasehold Interests**

The Client, for purposes of this report, is Mr. Lenard Schwartzer, Esq., as representative of
Regal Plaza, LLC, and any other related parties or members of Regal Plaza LLC. The
intended users of the report include the Client (Mr. Lenard Schwartzer, Esq.), and the owner
of the subject property, Regal Plaza, LLC and any members of the LLC.

---

Charles E. Jack Appraisal & Consulting, Inc.
8324 Antler Ridge Avenue, Las Vegas, NV 89149-4505
Phone: 702-395-5962  Fax: 702-656-0610
www.charlesjack.com

Mr. Lenard Schwartzer, Esq.
November 24, 2010
Page 2

The Client may choose to share the substantive conclusions of this report and/or furnish a copy of this report to any party they deem fit in conjunction with the subject property bankruptcy proceeding. This appraisal is for the intended use of the Client and/or intended users of the report only. Any other use of this report by any other party not specifically related to the Client and the parties the Client represents, the Client's Intended Use, and the Intended Users of this report as stated herein, is considered an unauthorized use of this report. The appraiser and the appraisal firm will assume no responsibility for any unauthorized use of the appraisal report by any unintended users.

I have not been provided with a Phase I Environmental Site Assessment. My inspection of the subject and my review of public records did not reveal any obvious or otherwise potentially adverse conditions. I did not review any other studies or reports detailing any improvement conditions or other hazards that specifically addressed such items at the subject. Likewise, I am not aware of any soils conditions, structural or engineering problems, contamination, or other detrimental conditions of the property as of the date of issuance of this report or as of the effective date of this report. Any adverse or unusual findings from such subsequent studies or subsequent information provided to this appraiser may require additional appraisal analysis at an additional cost to the client.

Before committing funds to the property, I strongly advise that appropriate experts inspect and estimate the cost to cure both land and/or improvements suffering from any detrimental conditions. No known geotechnical or soils problems are known to impact the subject property or to adversely affect the subject improvements but my statement is based on inspection and personal observation only and is not the result of any professional expertise, knowledge, or inspection into such matters. Based on my casual observation of the subject improvements, no readily apparent toxic or hazardous materials, detrimental conditions or other problematic circumstances are known by this appraiser to be present at the subject property. However, if any toxic or hazardous materials and/or detrimental conditions are discovered at the subject property, the value within this report may be adversely affected. A reappraisal at an additional cost to the client could be necessary to estimate the effects of such circumstances.

Attached is my complete appraisal communicated as a summary appraisal report containing the data discovered and analysis thereof.

Based on this data, and taking into consideration the assumptions, limiting conditions, and conclusions contained herein, my opinion of the leased fee market value "As Is" of the subject property as of November 8, 2010 was concluded as follows:

| EIGHT MILLION SIX HUNDRED THOUSAND DOLLARS |
| --- |
| ($8,600,000) |

I also have made a determination of Prospective value of the leased fee interest in the subject property two years from the effective current date of this appraisal on November 8, 2012 as follows:

| NINE MILLION THREE HUNDRED TEN THOUSAND DOLLARS |
| --- |
| ($9,310,000) |

Please see my previous analysis regarding the Prospective value of the subject for more details and assumptions and limiting conditions pertaining to this Prospective value opinion. The Prospective value opinion was determined solely by lease-by-lease cash flow analysis.

---

Charles E. Jack Appraisal & Consulting, Inc.
8324 Antler Ridge Avenue, Las Vegas, NV  89149-4505
Phone: 702-395-5962  Fax: 702-656-0610
www.charlesjack.com

Mr. Lenard Schwartzer, Esq.
November 24, 2010                                                                                                   Page 3

Thank you for giving me the opportunity of appraising this property for you.  If there are any questions concerning this appraisal report, please do not hesitate to contact me.

Respectfully submitted,

Charles E. Jack IV, MAI
President
Nevada Certified General Real Estate Appraiser's License #00503
Expires 11/30/2011