Lenard E. Schwartzer
Nevada Bar No. 0399
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89109
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
Email: bkfilings@s-mlaw.com
*Attorneys for Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>REGAL PLAZA, LLC<br><br>Debtor. | Case No. BK-S-10-26707-BTB<br>Chapter 11<br><br>**MOTION FOR APPROVAL OF POSTPETITION FINANCING OF TENANT IMPROVEMENTS**<br><br>Date: February 8, 2011<br>Time: 1:30pm. |
|---|---|

Regal Plaza, LLC, debtor and debtor-in-possession ("Debtor" or "Regal Plaza"), by and through its counsel, Schwartzer & McPherson Law Firm, hereby files this Motion For Approval Of Postpetition Financing. This Motion is made and based upon 11 U.S.C. § 364 and the Points And Authorities set forth herein, the pleadings and documents filed herein and the Declaration of John Carnesale ("Carnesale Declaration") filed concurrently herewith.

Pursuant to this Motion, the Debtor requests that this Court approve the borrowing of funds from Tower Realty & Development, L.L.C. ("Tower"), an affiliate of the Debtor for the purpose of building and completing tenant improvements in the debtor's shopping center. **The loan will be made on an administrative priority basis but subordinate to Chapter 11 administrative expenses and at the rate of interest of 3% per annum. The loan will be unsecured. The Motion seeks approval of the loan to include the monies spent by Tower to construct tenant improvements since the date of the filing of the Debtor's Chapter 11 case.** A proposed order is attached hereto as **Exhibit "1."**

**Facts**

1.   On September 1, 2010, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1107 and 1108, Regal Plaza continues to operate its business as a debtor-in-possession. In this case, there is no trustee and there is no creditors' committee.

2.   The Debtor owns the real property and improvements located at 5831 W. Craig Road, Las Vegas, NV (at the corner of Jones Boulevard) described as Assessor's Parcel Number 138-01-312-002 (the "Shopping Center"). The Shopping Center is a neighborhood shopping center which was originally constructed in 2000 on 5.72 acres which are operated as the Regal Plaza. There is 56,097 square feet of rentable space, approximately 22,510 square feet are currently occupied by tenants and 23,187 square feet are currently being improved for tenants with signed leases ("Tenants").

The Property is worth approximately $8,600,000[1] and is subject to a loan in the approximate amount of $7,500,000 to the Nevada State Bank (the "Bank").

3.   The Court has authorized the Debtor to use the rents, the Bank's cash collateral, for operating expenses pursuant to a Final Order Authorizing the Use of Cash Collateral entered on October 6, 2010. The use of the rents for building tenant improvements has not been requested or granted.

4.   Tower is an affiliate of the Debtor because it is owned directly or indirectly by John and Louis Carnesale who own, indirectly, 81% of the Debtor.

5.   Tower is a contractor licensed by the Nevada State Contractors Board. Tower is building out the tenant improvements necessary for already contracted tenants. Tower understands that payment for this construction work is dependent upon a successful reorganization of the Debtor.

6.   Tower is willing to expend the funds necessary to complete the tenant improvements, approximately $826,000, which will be repaid through a plan of reorganization.

---

[1] Pending before the Court is a Motion To Establish Values of Shopping Center for Purposes of Plan of Reorganization which is supported by the Declaration of Charles E. Jack, MAI.

- 2 -

Regal Plaza\Pleadings\Motion for Postpetition Financing

The tenants, the leases, and the cost of tenant improvements are described in the Carnesale Declaration.

7. The proposed loan will be made on an administrative priority basis but subordinate to other Chapter 11 administrative expenses. The proposed loan will bear interest at the rate of 3% per annum. The proposed loan will be unsecured. The proposed loan will be due upon confirmation of a plan of reorganization or conversion of the case to Chapter 7. Tower intends to contribute the amount of its debt, at least $500,000, as new value under the Plan of Reorganization which the Debtor has filed. See Docket #52.

### Memorandum of Law

11 U.S.C. § 364(b) authorizes a debtor to incur debt unsecured by a senior and provides:

> (b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503 (b)(1) of this title as an administrative expense.

11 U.S.C. § 364(b).

The Bankruptcy Code is plain on its face. A bankruptcy court may authorize a debtor to incur unsecured debt and allow such debt as an administrative expense of the debtor's estate. *In re Sherwood Square Associates*, 107 B.R. 872, 875 (Bankr. D. Md. 1989).

> The standards for authorizing a trustee to incur debt under section 364(b) so that it is allowable as an expense of administration under section 503(b)(1) are found in the latter section. Other than certain taxes and tax-related debt, 11 U.S.C. § 503(b)(1)(B), (C), only the "actual, necessary costs and expenses of preserving the estate" are allowable as administrative expenses. 11 U.S.C. § 503(b)(1)(A). An order granted pursuant to section 364(b) must be supported by such a finding. B.R. 752(a).
> ***
> To summarize, the allowance of an administrative expense requires a finding that the expense is "necessary ... [for] preserving the estate." Allowance of such claims to an officer, director or stockholder imposes a duty of "rigorous scrutiny" upon the court, and the absence of an independent trustee increases the court's duty to insure that the transaction is inherently fair to the estate and its creditors.

*In re Club Development & Management Corp.*, 27 B.R. 610, 611-2 (9th Cir.BAP 1982).

/ / /

- 3 -

The facts in this case support granting Tower the protection requested pursuant to Bankruptcy Code § 364(b). As a result of the Debtor's precarious financing situation, Debtor determined that no alternative financing options are available to Debtor and the expenditure of time and resources to investigate possible alternative financing would be futile. Given the first priority nature and amount of debt asserted by the Bank, any other lender would be unwilling to extend any significant credit without receiving a priming lien allowed under § 364(d). Given the financial situation, the Debtor would assert requesting the Bank to allow a priming lien would be futile and that a subordinate lien would not add much security to a lender. In these circumstances, the Debtor would assert that seeking a loan from a third party, unrelated lender would be futile.

Section 364(b) does not impose on a debtor-in-possession the onerous duty to seek credit from every possible lender before concluding that such credit is available. *See In re Snowshoe Co., Inc.*, 789 F.2d 1085, 1089 (4th Cir. 1986). Instead, a good faith effort to obtain less burdensome credit from other sources is required of a debtor, especially when time is of the essence.

Typically, one who extends credit to debtor without court authorization does so at his own risk. *In re Lehigh Valley Professional Sports Clubs, Inc.*, 260 B.R. 745 (Bankr. E.D. Pa. 2001). However, *nunc pro tunc* approval of transactions not initially authorized is well within the bankruptcy court's equitable power and it is, of course, discretionary. *Central States Corp. v. Luther*, 215 F.2d 38 (10th Cir. 1954); *In re Avorn Dress Company, Inc.*, 79 F.2d 337 (2d Cir. 1935). Thus, an unauthorized loan may even receive priority as an expense of administration in unusual circumstances. *In re Avorn Dress Company, Inc.,* supra. In determining whether to retroactively allow a debtor to incur unsecured debt outside ordinary course of business, a bankruptcy court must be confident that the debt would have been authorized if timely application had been made. *In re Husting Land & Development, Inc.*, 255 B.R. 772 (Bankr. D. Utah 2000), decision affd, 274 B.R. 906 (D. Utah 2002).

As discussed above, the ability of the Debtor to obtain credit from unrelated lenders simply does not exist. Given the immediacy of the Debtor's financing needs, the need to

Regal Plaza\Pleadings\Motion for Postpetition Financing

continue the building out of tenant improvements, the futility of pursuing alternative sources of financing and impracticability of pursuing numerous other perspective lenders, Debtor has concluded that, in its business judgment, only a lenders, who are already intimately familiar with Debtor's business operations, financing issues and business prospects would be willing and able to offer the Postpetition Financing to meet the Debtor's capital improvement needs on the terms and within the time frame that Debtor is seeking.

It is quite obvious that the construction of tenant improvements is necessary for preserving and increasing the value of the shopping center. Unless the tenant improvements are completed, tenants who have signed leases will not be able to take occupancy leaving the spaces empty and not income producing.

## CONCLUSION

Wherefore, the Debtor requests that this Court grant this motion and execute the proposed order submitted herewith authorizing the Postpetition Financing *nunc pro tunc* on an unsecured but administrative priority basis pursuant to 11 U.S.C. § 364(b), subordinate to other Chapter 11 expenses, and any other relief which this Court deems appropriate.

Dated: January 5, 2011

SCHWARTZER & McPHERSON LAW FIRM

Lenard E. Schwartzer, Esq.
2850 S. Jones Blvd., #1
Las Vegas, NV 89146
*Attorneys for Debtor and Debtor-in-Possession*

Regal Plaza\Pleadings\Motion for Postpetition Financing

# EXHIBIT "1"

Lenard E. Schwartzer
Nevada Bar No. 0399
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89109
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
Email: bkfilings@s-mlaw.com
*Attorneys for Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>REGAL PLAZA, LLC<br><br>Debtor. | Case No. BK-S-10-26707-BTB<br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF POSTPETITION FINANCING OF TENANT IMPROVEMENTS**<br><br>Date: February 8, 2011<br>Time: 1:30pm. |

The Debtor's Motion for Approval of Postpetition Financing of Tenant Improvements (the "Motion") having come before this Court on February 8, 2011; appearances of counsel having been made on the record, the Court having reviewed the pleadings and papers on file and having heard the arguments of counsel, and finding good cause, it is

**ORDERED** that the Debtor is authorized to obtain postpetition financing from Tower Realty & Development, L.L.C. *nunc pro tunc* to the date of the filing of the Debtor's Chapter 11 case, on an unsecured but administrative priority basis pursuant to 11 U.S.C. § 364(b), subordinate

/ / /

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\Regal Plaza, LLC\Motion for Postpetition Financing\Motion for Postpetition Financing ORDER.doc

- 1 -

to other Chapter 11 expenses.

**IT IS SO ORDERED.**

Submitted by:

_____
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, NV  89146
Attorneys for Debtors and Debtors in Possession

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_  The court has waived the requirement set forth in LR 9021 (b)(1).

\_\_\_\_\_  No party appeared at the hearing or filed an objection to the motion.

__X__  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

\_\_\_\_\_  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #