Lenard E. Schwartzer
Nevada Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for Debtor and Debtor in Possession*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>REGAL PLAZA, LLC<br><br>Debtor. | Case No. BK-S-10-26707-BTB<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE; MOTION TO APPROVE SETTLEMENT**<br><br>Date: OST REQUESTED<br>Time: OST REQUESTED |

Regal Plaza LLC (the "Debtor" or "Regal Plaza"), by and through its counsel, hereby files this Debtor's Motion to Dismiss Chapter 11 Bankruptcy Petition; Motion to Approve Settlement (the "Motion"). This Motion is made and based upon 11 U.S.C. § 1104, the Declaration of John Carnesale, the Points And Authorities set forth herein, the pleadings on file and any argument entertained at the hearing on the Motion.

The key consideration for dismissal is that the Debtor has an affiliate that has the ability to refinance its shopping mall in an amount sufficient to satisfy Nevada State Bank its secured lender.

**FACTS IMPORTANT TO CONSIDERATION OF THE MOTION**

1. Background

Regal Plaza owns the one-story retail strip center located at 5831 W Craig Rd, Las Vegas, NV 89130 (referred to herein as the "Property"). The Property consists of an existing retail

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

development of three attached buildings with a gross building area of approximately 56,097± rentable square feet of building area located on a site containing approximately 249,163± net square feet or 5.72± acres. The Real Property may also be referenced as Clark County Assessor's Parcel Number 138-01-312-002.

The Property was purchased by Regal Plaza in September, 2004. The purchase encompassed not only the structure and the land upon which it sits, but also two parcels directly to the west. The total amount paid by Regal Plaza for the property and subsequent improvements was $11,714,603.69.

In 2004, Nevada State Bank (the "Bank") made a loan to Regal Plaza in the original principal amount of $8,320,000 (the "Loan").

Over the years the loan was reduced by principal payments and portions of the shopping center have been sold. As of the Petition Date, the Bank stated that it is owed in excess of $7.5 million. The parties have a dispute concerning the value of the Property. The Debtor alleges that the Property is worth, at least, $8.6 million and the Bank alleges that the Property is worth approximately $5 million. The parties have presented 3 days of evidence to this Court concerning value.

The Bank asserts that on or about April 1, 2010, the debtor failed to pay the amounts owing to the Bank under the terms of the Loan as modified by the Modifications and that under the terms of the Loan all outstanding principal, all accrued interest and all related fees and charges became due under the Note.

On July 16, 2010, the Bank had a Notice of Breach and Election to Sell Under Deed of trust recorded as Instrument No. 20100716-0001998 in the Official Records of Clark County Nevada.

On August 3, 2010, the Bank commenced an action in the Eighth Judicial District court of the State of Nevada ("State Court") to have a receiver appointed for the Real Property. On August 18, 2010, the State Court appointed a receiver.

On September 1, 2010 (the "Petition Date"), in order to avoid a threatened foreclosure by the Bank and the receivership, Regal Plaza filed its bankruptcy petition.

On November 30, 2010, the Debtor has proposed a Plan of Reorganization which would pay the Bank monthly payments of principal and interest and a balloon payment on or before the end of 10 years. The Debtor and the Bank have been litigating various issues relating to the Plan.

Debtor and Bank and the guarantors of the Bank's loan have agreed, to settle the outstanding issues pursuant to the terms and conditions contained Settlement and Release Agreement attached hereto as **Exhibit "1"** (the "Settlement").

2. Refinancing

At this time, an affiliate of the Debtor, 5831 W Craig LLC ("5831") can obtain refinancing of the property in the amount of $5.5 million.

At this time, the Bank is willing to accept $5.5 million in full satisfaction of its security interest in the Property and its claims against the Debtor and the Guarantors.

The refinancing requires that the title to the Property be put in the name of 5831.

In order to accomplish this refinancing, the Debtor is requesting that the Court approve the transaction as follows:

a. Issue a Conditional Order of Dismissal in the form attached to the Settlement as Exhibit "A" that provides that this Chapter 11 case will be dismissed when certain conditions are met; and

b. Issue a Final Order of Dismissal in the form attached to the Settlement as Exhibit "F" that provides that the case is dismissed and the Debtor is permitted to transfer the Property to 5831.

c. If the conditions are not met for dismissal, the parties will complete the evidentiary hearing regarding the value of the Property.

d. The parties have agreed to the forms of releases and joint escrow instructions attached in the form attached to the Settlement as Exhibits "B","C", "D", and "E."

///

///

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

It is the Debtor's belief that no creditors will object to dismissal. All creditors will be given notice of this Motion.

3. Settlement

In order to avoid the continued costs and risks of litigation, the Debtor and the Bank as well as the guarantors of the Bank's loan and 5831 have agreed to a settlement of all the issues among them contingent upon the refinancing.

As a specific condition of the Settlement, the Debtor, 5831, certain affiliates and guarantors of the Loan have agreed that: (1) neither 5831 nor the Debtor shall file a bankruptcy case under any chapter of the Bankruptcy Code for 180 days from entry of the Final Dismissal Order; and (2) if either the Debtor or 5831 files a bankruptcy case under any chapter of the Bankruptcy Code within 180 days from the entry of the Final Dismissal Order, Bank shall be entitled to, and the Bankruptcy Court shall immediately enter, an order lifting the automatic stay pursuant to 11 U.S.C. § 362(a) for the benefit of the Bank by a motion heard on shortened time and the fourteen (14) day stay of such order pursuant to Fed.R.B.P. 4001(a)(3) shall be waived. The Debtor and its insiders pursuant to 11 U.S.C. § 101(31) and/or its affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to Guarantors, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., shall not oppose such motion for relief from the automatic stay.

**MEMORANDUM OF LAW**

**A. Dismissal of Chapter 11 Case.**

The text of 11 U.S.C. § 1112(b)(1) provides as follows:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
> (i) for which there exists a reasonable justification for the act or omission; and
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

By its terms, section 1112(b)(1) of the Bankruptcy Code grants any party in interest standing to seek any of the remedies available under that statutory provision. 11 U.S.C. § 1112(b)(1). The "debtor" expressly mentioned among the illustrative examples of parties in interest in 11 U.S.C. § 1109(b). Therefore, the Debtor can bring the Motion.

Section 1112(b)(4) of the Bankruptcy Code defines cause, for purposes of section 1112(b)(1) of the Bankruptcy Code, as follows:

"For purposes of this subsection, the term 'cause' includes—"

"Cause" is not defined in the Bankruptcy Code.

> After notice and a hearing, the bankruptcy court may, for cause, dismiss a chapter 11 case or convert it to chapter 7–whichever is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b). Accordingly, it is appropriate to dismiss a chapter 11 case if cause exists and if dismissal is in the best interest of creditors and the estate. *Hatcher v. U.S. Trustee (In re Hatcher),* 218 B.R. 441, 448 (8th Cir. BAP 1998) (citations omitted).

*In re Midland Marina, Inc.*, 259 B.R. 683 (8th Cir.BAP 2001)(considering debtor's motion to dismiss).

///

///

In considering a debtor's motion to dismiss, the bankruptcy court should take into account the best interests of the parties, and "[w]ith regard to creditors, the issue is typically one of prejudice" (internal citations omitted)). *Schwartz v. Geltzer ( In re Smith)*, 507 F.3d 64, 72 (2d Cir.2007); *In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 804-5 (E.D.Pa. 2000); *In re Mechanical Maintenance, Inc.*, 128 B.R. 382 (E.D.Pa. 1991).

In this case, the assets are subject to the Bank's security interest. Conversion to Chapter 7 would not benefit creditors. See *In re Zaleha*, 1995 WL 128495 (Bankr.D.Idaho 1995), stated:

> The decision to dismiss of convert is based on the "best interests of the creditors and the estate." [*In re Mechanical Maintenance, Inc.*, 128 B.R. 382 (E.D.Pa. 1991).] Here, most of the estate assets are subject to the claims of secured creditors. With the exception of the debtor's claims against Rosholt Robertson, there are few assets available for distribution to unsecured creditors. Therefore, the Court finds it would not be in the best interests of the creditors and the estate to force the debtor to liquidate the estate in chapter 7. Accordingly, this case will be dismissed.

In this case, the Bank, the largest creditor can be satisfied after dismissal of the case under the terms of the settlement. That is sufficient grounds to order dismissal. In addition, the largest unsecured creditors of the Debtor are affiliates of the Debtor who consent to dismissal. The Debtor does not expect any creditors, all of whom will have been given notice of this motion, to object to dismissal.

**B. Approval of Settlement.**

Fed.R.Bankr. P. 9019(a) provides that, after notice and a hearing, a Court may approve a Trustee's proposed settlement of a claim. Whether a compromise should be accepted or rejected lies within the sound discretion of the Court. In re Carson, 82 B.R. 847 (Bankr. S.D. Ohio 1987); In re Ericson, 6 B.R. 1002 (D. Minn. 1980); Knowles v. Putterbaugh (In re Hallet), 33 B.R. 564 (Bankr. D. Me. 1983); In re Mobile Air Drilling Co., Inc., 53 B.R. 605 (Bankr. N.D. Ohio 1985); In re Hydronic Enterprise, Inc., 58 B.R. 363 (Bankr. D. R.I. 1986).

The Ninth Circuit in Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986) has stated:

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. (quoting In re Flight Transportation Corp. Securities Litigation, 730 F.2d 1128, 1135 (8th Cir. 1984)(citations omitted), cert. denied, 105 S.Ct. 1169 (1985)).

Notably, a court should refrain from substituting its own judgment for the judgment of the party charged with operation and maintenance of the estate. In re Carla Leather, Inc., 44 B.R. at 465. As the Second Circuit has stated, in reviewing a proposed settlement a court should not "decide the numerous questions of law and fact . . . but rather canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." In re W.T. Grant & Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983). A "mini-trial" on the merits of the underlying cause of action is not required and should not be undertaken by the bankruptcy court. In re Blair, 538 F.2d 849 (9th Cir. 1976); In re Walsh Construction, Inc., 669 F.2d 1325 (9th Cir. 1982).

In this case, the Bank and the Debtor have been litigating the value of the Property and will be litigating the confirmation of a loan which has matured and is now due. In applying the *A & C* factors, the Court should consider:

(a) The probability of success in litigating over the value of the Property and confirmation of the Debtor's proposed Plan is hard to determine. The Court has been presented with appraisals by two licensed Nevada appraisers who have qualified to give expert testimony. The Court has discretion to accept either or neither of their appraisals and the Court's determination of value will affect the probability of a successful reorganization. Neither the Bank or the Debtor can assume success in this litigation. This factor favors settlement.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

(b) Collection is not a factor in this case.

(c) The Court has already heard several days of testimony from the appraisers and has scheduled one more day of testimony on the issue of value. The divergent approaches and results of the two appraisers show that valuation is a difficult question. The value determined will have an effect on the debtor's proposed plan creating additional issues. The parties would bear the costs of several more days of contested hearings. This factor favors settlement.

(d) The settlement is with the one creditor who has been active in this case. If the Bank is correct, there is no equity in the property and no value to be paid to unsecured creditors (mostly insiders) or the current owners. The largest creditors (insiders) are supportive of the Settlement. Opposition from other creditors is not expected. This factor favors settlement.

Based upon this analysis, the settlement should be approved.

**CONCLUSION**

Based upon the facts presented and the applicable law, this Court should approve the Settlement and dismiss this Chapter 11 Case on the terms stated in this Motion.

Dated this 23rd day of August, 2011.

SCHWARTZER & MCPHERSON LAW FIRM

By: ______________________
Lenard E. Schwartzer, Esq.
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Attorneys for Debtor and Debtor in Possession

# EXHIBIT "1"

# SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT ("*Agreement*"), effective as of August __, 2011 (the "*Effective Date*"), is by and among NEVADA STATE BANK, a Nevada banking corporation ("*Bank*") on the one hand, and REGAL PLAZA, LLC, a Nevada limited liability company ("*Debtor*"), 5831 W. CRAIG, LLC, a Nevada limited liability company ("*New Owner*"), DELTA POINT, L.L.C., a Nevada limited liability company ("*Delta Point*"), REAL ESTATE ADVISORS, LLC, a Nevada limited liability company ("*Real Estate Advisors*"), JOHN L. CARNESALE, an individual ("*J. Carnesale*"), LOUIS V. CARNESALE, an individual ("*L. Carnesale*"), and the JOHN L. CARNESALE TRUST OF 1995 (the "*Trust*" and, together with Delta Point, Real Estate Advisors, J. Carnesale and L. Carnesale, the "*Guarantors*" and from time to time each individually referred to as, "*Guarantor*") on the other hand. For the purposes of this Agreement, Bank, Debtor, New Owner and the Guarantors may individually be referred to as a "*Party*" and collectively be referred to as the "*Parties*."

## RECITALS

A. Pursuant to that certain Construction Loan Agreement dated as of September 24, 2004 by and between Debtor and Bank (together with all modifications, extensions, renewals and replacements thereof, if any, the "*Loan Agreement*"), Bank agreed to make a loan to Debtor in the original principal amount of Eight Million Three Hundred Twenty Thousand Dollars ($8,320,000.00) (the "*Loan*").

B. The Loan is evidenced by that certain Promissory Note dated as of September 24, 2004, executed by Debtor in favor of Bank, in the original principal amount of the Loan (together with all modifications, extensions, renewals and replacements thereof, if any, the "*Note*"), and secured by a certain Deed of Trust and Security Agreement with Assignment of Rents and Fixture Filing (Construction) dated September 24, 2004 and recorded on September 30, 2004 as Instrument No. 20040930-0003675 in the Official Records of the Clark County Recorder's Office (the "*Deed of Trust*") on certain real property as defined in the Deed of Trust, as may have been amended, modified and/or partially reconveyed (the "*Property*").

C. In connection with the Loan, J. Carnesale, L. Carnesale, and the Trust executed that certain Guaranty in favor of Bank, dated as of September 24, 2007, each jointly and severally guaranteeing the full and complete performance and prompt payment of all amounts due to Bank under the Note (the "*Carnesale Guarantee*").

D. In connection with the Loan, Delta Point and Real Estate Advisors executed that certain Guaranty in favor of Bank, dated as of June 28, 2006, each jointly and severally guaranteeing the full and complete performance and prompt payment of all amounts due to Bank under the Note (the "*Delta Point Guarantee*" and, together with the Carnesale Guarantee, the "*Guarantees*"). The Note, the Loan Agreement, the Deed of Trust and the Guarantees and all other agreements, documents and instruments executed in connection with the Loan are referred to collectively herein as the "*Loan Documents*."

E. At the request of the Debtor, the Note was extended twelve (12) times in order to accommodate the Debtor, the last of which was on May 14, 2009 by that certain Twelfth Modification to Loan Documents which, among other things, extended the maturity date an additional two years to May 14, 2011.

F. On April 1, 2010, the Debtor failed to pay the amounts owing to the Bank under the terms of the Loan Documents and Debtor was in default of the terms of the Loan Documents. Accordingly, pursuant to the terms of the Loan Documents, the Bank asserted that all outstanding principal, all accrued interest, and all related fees and charges due under the Note became fully due and payable.

G. Bank recorded a Notice of Breach and Election to Sell Under Deed of Trust in the Official Records of the Clark County Recorder's Office on July 16, 2010, as Instrument No. 20100716-0001998.

H. On August 3, 2010, Bank commenced an action, Case No. A-10-622228-B in the Eighth Judicial District Court, Clark County, Nevada (the "*State Court*") for, among other claims, the appointment of a receiver and the breach of the Guarantees (the "*State Court Action*").

I. On August 18, 2010, the State Court entered an Order Appointing Receiver in the State Court Action.

J. On September 1, 2010 (the "*Petition Date*"), Debtor filed a voluntary petition for chapter 11 bankruptcy, commencing Case No. 10-26707 (the "*Bankruptcy Case*") in the United States Bankruptcy Court for the District of Nevada (the "*Bankruptcy Court*").

K. As of the Petition Date, the Bank asserts that the unpaid principal amount of the loan outstanding was Seven Million Two Hundred Forty One Thousand Eight Hundred Six and 41/100 Dollars ($7,241,806.41), plus accrued unpaid interest, late charges and expenses (the "*Outstanding Balance*").

L. Debtor and the Bank dispute the value of the Property.

M. Debtor and Guarantors have requested, and Bank has agreed, to settle the Outstanding Balance pursuant to the following terms and conditions.

**AGREEMENT**

NOW, THEREFORE, in consideration of the terms, covenants and agreements of the Parties as set forth herein, the Parties to this Agreement hereby agree to settle the dispute described above pursuant to the following terms and conditions:

1. Recitals. The foregoing Recitals are true and correct and are incorporated herein by this reference.

2. Settlement of Outstanding Balance. Debtor will pay or cause to be paid to Bank the sum of Five Million Five Hundred Thousand Dollars ($5,500,000.00) in immediately

available funds (the "*Negotiated Payment Amount*") which Negotiated Payment Amount, together with such other consideration as may be given by Debtor and Guarantors, including without limitation, the releases provided by Debtor and Guarantors to Bank, and satisfaction in full of the terms and conditions herein, including without limitation, the conditions set forth in Section 3 below, shall constitute payment and performance in full of all of the outstanding obligations of the Loan. Notwithstanding the foregoing, Debtor and Guarantors acknowledge that Bank will issue one or more Form 1099s to Debtor in connection with the transaction contemplated by this Agreement and agree that they each will be solely responsible for any tax consequences associated therewith.

3. Conditions of Settlement. This Agreement is subject to, and expressly conditioned upon, satisfaction of the following conditions:

(a) Debtor shall submit to the Bankruptcy Court a motion requesting the Conditional Order of Dismissal of Chapter 11 Case and approving this Agreement pursuant to Fed.R.B.P. 9019 (the "*Conditional Dismissal Order*") substantially in the form attached hereto as Exhibit "A," and such motion and Conditional Dismissal Order shall be approved by the Bankruptcy Court;

(b) Pursuant to the Conditional Dismissal Order, on or before September 13, 2011 (the "*Funding Date*"), the deposit of the Negotiated Payment Amount, the deposit of the fully executed tri-party escrow instructions by and among the Debtor, the Bank and the New Owner attached hereto as Exhibit "B" (the "*Escrow Instructions*") and the deposit of mutual releases executed by the Bank, the Debtor and the Guarantors, attached hereto as Exhibit "C," Exhibit "D," and Exhibit "E" respectively (the "*Releases*"), shall be made with a Nevada licensed escrow company (the "*Escrow Agent*");

(c) On or before the Funding Date, Debtor shall deposit that portion of operating cash of Debtor equal to One Hundred Seventy-Five Thousand Dollars ($175,000.00) with Escrow Agent (the "*Operating Cash Deposit*");

(d) Debtor, New Owner, Guarantors, Affiliates, as hereinafter defined, and the Bank shall each execute this Agreement and deliver duplicate originals to Escrow Agent on or before the Funding Date.

(e) Upon confirmation of receipt by Escrow Agent of the Negotiated Payment Amount, the Escrow Instructions, the Releases and the Operating Cash Deposit, Debtor and Bank shall cause to be lodged with the Bankruptcy Court an Order of Dismissal of Chapter 11 Case with Prejudice (the "*Final Dismissal Order*") substantially in the form attached hereto as Exhibit "F," thereby resulting in the dismissal of the Bankruptcy Case;

(f) Pursuant to the Final Dismissal Order, neither Debtor nor New Owner nor any other transferee of the Property nor any of their insiders pursuant to 11 U.S.C. § 101(31) and/or their affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to, John L. Carnesale, Louis V. Carnesale, the John L. Carnesale Trust of 1995, Delta Point LLC,

Real Estate Advisors, LLC, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., shall file or caused to be filed a bankruptcy case of Debtor, New Owner or other transferee of the Property under any chapter of the Bankruptcy Code for 180 days from entry of the Final Dismissal Order; and

(g) On or before September 16, 2011 (the "*Outside Closing Date*") closing of the settlement contemplated under this Agreement (the "*Closing*") shall occur pursuant to the Escrow Instructions, and the Negotiated Payment Amount shall be disbursed to Bank, the Releases shall be delivered to the Parties, and the Operating Cash Deposit shall be disbursed to the Debtor.

4. Consent to Allow Transfer of Property. Bank consents to the transfer of the Property to New Owner following the Funding Date and prior to the Outside Closing Date, subject to the Deed of Trust, in consideration for New Owner agreeing to abide by the terms and conditions of this Agreement, including payment of the Negotiated Payoff Amount.

5. Representations and Warranties of Debtor. As a material inducement for Bank to enter into this Agreement, Debtor hereby represents and warrants to Bank that:

(a) Debtor is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Nevada. Debtor has full power and authority (and all necessary action has been taken) to execute, deliver and perform its obligations under this Agreement, and that this Agreement is binding upon and enforceable against Debtor in accordance with its terms, subject to approval by the Bankruptcy Court; and

(b) Debtor has not assigned or transferred to any person or entity any matter released in Exhibit "D" of this Agreement or any part or portion of any matter released in Exhibit "D" of this Agreement, and all claims, defenses, rights and obligations and causes of action asserted or the subject of this Agreement are in fact owned by it. Debtor enters into this Agreement with the intention of binding itself and its successors, predecessors, subsidiaries, affiliates, officers, partners, employees, assigns, attorneys, agents and all others who may claim under, through or in connection with each.

6. Representations and Warranties of Guarantors. As a material inducement for Bank to enter into this Agreement, each Guarantor hereby represents and warrants to Bank that:

(a) Delta Point and Real Estate Advisors are limited liability companies duly organized, validly existing and in good standing under the laws of the State of Nevada;

(b) Guarantor has full power and authority (and with respect to Delta Point and Real Estate Advisors, all necessary action has been taken) to execute, deliver and perform its obligations under this Agreement, and that this Agreement is binding upon and enforceable against Guarantor in accordance with its terms;

(c) Guarantor has not assigned or transferred to any person or entity any matter released in Exhibit "E" of this Agreement or any part or portion of any matter released in Exhibit "E" of this Agreement, and all claims, defenses, rights and obligations and causes of

action asserted or the subject of this Agreement are in fact owned by it. Guarantor enters into this Agreement with the intention of binding itself and him/herself, successors, predecessors, partners, employees, assigns, attorneys, agents and all others who may claim under, through or in connection with each; and

(d) As of the Effective Date, Guarantor has not (i) made a general assignment for the benefit of creditors, (ii) filed any voluntary petition in bankruptcy, or (iii) to its knowledge, suffered the filing of an involuntary petition in bankruptcy.

7. Representations and Warranties of New Owner. As a material inducement for Bank to enter into this Agreement, New Owner hereby represents and warrants to Bank that:

(a) New Owner is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Nevada. New Owner has full power and authority (and all necessary action has been taken) to execute, deliver and perform its obligations under this Agreement, and that this Agreement is binding upon and enforceable against New Owner in accordance with its terms; and

(b) As of the Effective Date, New Owner has not (i) made a general assignment for the benefit of creditors, (ii) filed any voluntary petition in bankruptcy, or (iii) to its knowledge, suffered the filing of an involuntary petition in bankruptcy.

8. Representations and Warranties of Bank. As a material inducement for Debtor, Guarantors, and New Owner to enter into this Agreement, Bank hereby represents and warrants to Debtor, Guarantors and New Owner that:

(a) Bank has full power and authority (and all necessary action has been taken) to execute, deliver and perform its obligations under this Agreement, and that this Agreement is binding upon and enforceable against Bank in accordance with its terms; and

(b) Bank has not assigned or transferred to any person or entity any matter released in Exhibit "C" of this Agreement or any part or portion of any matter released in Exhibit "C" of this Agreement, and all claims, defenses, rights and obligations and causes of action asserted or the subject of this Agreement are in fact owned by it.

9. Exclusions from Releases of Claims. Notwithstanding anything to the contrary set forth in this Agreement, any claims arising out of the breach of this Agreement by any Party are excluded from the Releases of Claims executed by each of the Parties hereto and, in the event of any such breach, the non-breaching party shall be entitled to pursue any and all rights, claims and damages that it may have against the breaching party notwithstanding and without regard to such Releases of Claims.

10. Remedies. Upon a default of the terms of this Agreement, including failure to satisfy the conditions of settlement set forth in Section 3 above, in addition to any other remedies available at law or in equity, the following remedies shall be available:

(a) In the event that Closing does not occur by the Outside Closing Date, each of the Releases delivered to Escrow Agent pursuant to Section 3 shall be returned to the respective Party whom delivered such Release to Escrow Agent, and Escrow Agent shall disburse the Operating Cash Deposit to Bank without any further instructions from Debtor; and

(b) In the event that Closing does not occur by the Outside Closing Date and either the Debtor, the New Owner or any other transferee of the Property files or has an involuntary bankruptcy case filed against them under any chapter of the Bankruptcy Code within 180 days from the entry of the Final Dismissal Order, Bank shall be entitled to, and the Bankruptcy Court shall immediately enter, an order lifting the automatic stay pursuant to 11 U.S.C. § 362(a) for the benefit of the Bank by a motion heard on shortened time and the fourteen (14) day stay of such order pursuant to Fed.R.B.P. 4001(a)(3) shall be waived. The Debtor, the New Owner, or other transferee of the Property, and their insiders pursuant to 11 U.S.C. § 101(31) and/or their affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to Guarantors, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., (collectively, the "*Affiliates*") shall not oppose such motion for relief from the automatic stay.

11. Dismissal of State Court Action. Upon the Closing as contemplated under this Agreement, Bank, Debtor and Guarantors hereby authorize and instruct their attorneys to execute and file a Stipulation for Dismissal with Prejudice with respect to the State Court Action no later than five (5) business days after the Closing, with each party to bear its own fees and costs.

12. Notices. All notices or other communications required or permitted hereunder must be in writing, and be personally delivered (including by means of professional messenger service) or sent by confirmed facsimile transmission or sent by registered or certified mail, postage prepaid, return receipt requested to the following addresses:

Bank: Nevada State Bank, Pebble Office
400 North Green Valley Parkway, 2nd Floor
Henderson, Nevada 89074
Attn.: Robert Ferra
Facsimile No.: (702) 968-8308

With a copy to: Gordon Silver
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Attn: Brigid M. Higgins, Esq.
Facsimile No.: (702) 369-2666

Debtor: Regal Plaza, LLC
Attn: John Carnesale
5025 S. Jones #145
Las Vegas, Nevada 89119
Facsimile: (702) 366-1656

| | |
|---|---|
| With a copy to: | Schwartzer & McPherson Law Firm<br>2850 S. Jones Blvd Suite 1<br>Las Vegas, Nevada 89109<br>Attn: Lenard E. Schwartzer, Esq.<br>Facsimile No.: (702) 892-0122 |
| New Owner: | 5831 W. Craig, LLC<br>Attn: John Carnesale<br>5025 S. Jones #145<br>Las Vegas, Nevada 89119<br>Facsimile: (702) 366-1656 |
| Delta Point: | Delta Point L.L.C.,<br>Attn: John Carnesale<br>5025 S. Jones #145<br>Las Vegas, Nevada 89119<br>Facsimile: (702) 366-1656 |
| Real Estate Advisors: | Real Estate Advisors, LLC<br>Attn: John Carnesale<br>5025 S. Jones #145<br>Las Vegas, Nevada 89119<br>Facsimile: (702) 366-1656 |
| Guarantors: | John L. Carnesale<br>5025 S. Jones #145<br>Las Vegas, Nevada 89118<br>Facsimile: (702) 366-1656<br><br>Louis V. Carnesale<br>5025 S. Jones #145<br>Las Vegas, Nevada 89118<br>Facsimile: (702) 366-1656<br><br>John L. Carnesale Trust of 1995<br>Attn: John Carnesale, Trustee<br>5025 S. Jones #145<br>Las Vegas, Nevada 89119<br>Facsimile: (702) 366-1656 |

All notices will be deemed received upon the earlier of (i) if personally delivered, the date of delivery to the address of the person to receive such notice, (ii) if mailed, three (3) business days after the date of posting by the United States Post Office, or (iii) if given by facsimile, upon confirmation of the transmission.

13. Counterparts; Signatures. This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Facsimile signatures and signatures sent by other electronic means shall be deemed to be and shall be treated for all purposes as original signature pages.

14. Severability. If any term or provision of this Agreement shall be deemed to be invalid or unenforceable to any extent, the remainder of this Agreement will not be affected thereby, and each remaining term and provision of this Agreement will be valid and be enforced to the fullest extent permitted by law.

15. Waivers. No waiver of any breach or any covenant or provision contained herein will be deemed a waiver of any preceding or succeeding breach thereof, or of any other covenant or provision contained herein. No extension of time for performance of any obligation or act will be deemed an extension of the time for performance of any other obligation or act except those of the waiving Party, which will be extended by a period of time equal to the period of the delay.

16. Successors and Assigns. This Agreement is binding upon and inures to the benefit of the successors, assigns, and nominees of the Parties hereto.

17. Prevailing Party. In the event of the bringing of any action or suit by a Party hereto by reason of any breach of any of the covenants, agreements or provisions on the part of the other Party arising out of this Agreement, then in that event, the prevailing Party will be entitled to recover from the other Party all costs and expenses of the action or suit, reasonable attorneys' fees, witness fees and any other professional fees resulting therefrom.

18. Entire Agreement. This Agreement, together with the Conditional Dismissal Order, the Final Dismissal Order, the Escrow Agreement and the Releases, constitutes the entire agreement among the Parties hereto and may not be modified except by an instrument in writing signed by the Party to be charged. This Agreement supersedes all prior agreements and communications between the Parties with respect to the subject matter herein.

19. Time of Essence. The Parties hereby acknowledge and agree that time is strictly of the essence with respect to each and every term, condition, obligation and provision hereof.

20. Construction. This Agreement has been prepared by Bank and its professional advisors and reviewed by the Debtor, New Owner and Guarantors and each of their professional advisers. The Parties and their respective advisors believe that this Agreement is the product of all of their efforts, that it expresses their agreement and that it should not be interpreted in favor or against any Party.

21. Governing Law, Jurisdiction and Venue. The Parties hereto expressly agree that this Agreement will be governed by, interpreted under and construed and enforced in accordance

with the laws of the State of Nevada.  The Parties hereby consent to the jurisdiction of the Bankruptcy Court, with venue to be in Las Vegas, Nevada in the event any action is brought for declaratory relief or enforcement of any of the terms and provisions of this Agreement on or prior to the Funding Date, and the Parties hereby consent to the jurisdiction of the courts of the State of Nevada, with venue to be in Las Vegas, Nevada in the event any action is brought for declaratory relief or enforcement of any of the terms and provisions of this Agreement after the Funding Date.

22.    Titles and Headings.  Titles and headings of Sections of this Agreement are for convenience of reference only and shall not affect the construction of any provisions of this Agreement.

23.    **WAIVER OF JURY TRIAL.  BANK, DEBTOR, NEW OWNER AND GUARANTORS WAIVE ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, SUIT, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT.**

24.    Attorney Representation.    In negotiation, preparation and execution of this Agreement, the Parties hereby acknowledge that each Party has been represented by its own counsel and that each Party has had an opportunity to consult with an attorney of its own choosing prior to the execution of this Agreement and has been advised that it is in its best interests to do so.  The Parties have read this Agreement in its entirety and fully understand the terms and provisions contained herein. The Parties execute this Agreement freely and voluntarily and accept the terms, conditions and provisions of this Agreement, and state that the execution by each of them of this Agreement is free from any coercion whatsoever.

25.    Survival. The representations and warranties made herein, as well as the other promises on the part of the Parties set forth herein, shall survive the Outside Closing Date.

[Signatures to follow.]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**BANK:**

NEVADA STATE BANK,
a Nevada banking corporation

By: ______________________________
Name: ______________________________
Title: ______________________________

**DEBTOR:**

REGAL PLAZA, LLC,
a Nevada limited liability company

By: Delta Point, LLC, its manager
By: Real Estate Advisors, LLC, its manager

By: ______________________________
Name: John Carnesale, manager of Real Estate Advisors, LLC

**NEW OWNER:**

5831 W. CRAIG, LLC,
a Nevada limited liability company

By: Delta Point, LLC, its manager
By: Real Estate Advisors, LLC, its manager

By: ______________________________
Name: John Carnesale, manager of Real Estate Advisors, LLC

**GUARANTORS:**

DELTA POINT, L.L.C.,
a Nevada limited liability company

By: Real Estate Advisors, LLC, its manager

By: ______________________________
Name: John Carnesale, manager of Real Estate Advisors, LLC

REAL ESTATE ADVISORS, LLC,
a Nevada limited liability company

By: ______________________________
Name: John Carnesale, manager of Real Estate Advisors, LLC

______________________________
JOHN L. CARNESALE, individually

______________________________
JOHN L. CARNESALE, AS TRUSTEE OF THE JOHN L. CARNESALE TRUST OF 1995

______________________________
LOUIS V. CARNESALE, individually

By execution hereof, the Affiliates hereby agree to be bound by the terms, conditions and covenants of Section 10 of this Agreement.

TOWER REALTY & DEVELOPMENT, LLC,
a Nevada limited liability company
By: ______________________________
Name: ______________________________
Title: ______________________________

TAYLOR FINANCIAL, LLC,
a Nevada limited liability company

By: ______________________________
Name: ______________________________
Title: ______________________________

TAYLOR CONSULTANTS, LLC,
a Nevada limited liability company

By: ______________________
Name: ______________________
Title: ______________________

NEVADA UNDERGROUND, LLC,
a Nevada limited liability company

By: ______________________
Name: ______________________
Title: ______________________

CRITICAL PATH CONSTRUCTION, LLC,
a Nevada limited liability company

By: ______________________
Name: ______________________
Title: ______________________

EFREM A. ROSENFELD, VI, INC.,
a Nevada limited liability company

By: ______________________
Name: ______________________
Title: ______________________

# EXHIBIT A

EXHIBIT A

Lenard E. Schwartzer
Nevada Bar No. 0399
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89109
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
Email: bkfilings@s-mlaw.com
*Attorneys for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>REGAL PLAZA, LLC,<br><br>Debtor. | Case No. BK-S-10-26707-BTB<br>Chapter 11<br><br>**CONDITIONAL ORDER OF DISMISSAL OF CHAPTER 11 CASE**<br><br>Date: September __, 2011<br>Time: ___ m. |
|---|---|

This matter having come before this Court for a hearing of the Motion to Dismiss Chapter 11 Case (the "Motion"), Lenard E. Schwartzer, Esq., of the law firm of Schwartzer & McPherson Law Firm appearing on behalf of REGAL PLAZA, LLC ("Debtor") and Brigid M. Higgins, Esq. of Gordon Silver appearing on behalf of creditor NEVADA STATE BANK ("Bank"), and no other parties appearing or having filed an objection to the Motion, the Debtor and the Bank having reached an agreement as stated in the Motion (the "Settlement Agreement"), the Court having considered the proposed settlement and the dismissal of this case, and good cause appearing,

IT IS HEREBY ORDERED THAT this case is conditionally dismissed.

IT IS HEREBY FURTHER ORDERED THAT, upon the deposit of $5,500,000 in escrow with a Nevada licensed escrow company, the deposit of fully executed tri-party escrow instructions attached as Exhibit "B" to the Settlement by and among, the Debtor, the Bank and 5831 W. Craig, LLC ("5831"), the deposit of mutual releases attached as Exhibits "C," "D," and "E" to the Settlement executed by the Bank, the Debtor and the guarantors of the Debtor's debt to the Bank with said escrow, and the deposit of that portion of the operating cash of the Debtor equal to One Hundred Seventy-Five Thousand Dollars ($175,00.00) with said escrow (collectively, the "Final Dismissal Conditions"), the Debtor and the Bank shall cause to be lodged with this Court a Final Order of Dismissal in the form attached to the Settlement as Exhibit "F" and this Court will immediately enter such order.

IT IS HEREBY FURTHER ORDERED THAT, to the extent Debtor fails to satisfy the Final Dismissal Conditions by September 13, 2011, this Conditional Order of Dismissal shall be void and have no further force and effect and the parties will present evidence at the hearing scheduled for September 21, 2011.

SUBMITTED BY:

By: ______________________________

Lenard E. Schwartzer, Esq.
The Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146
*Attorneys for Debtor*

APPROVED/DISAPPROVED:

By:______________________________

Brigid M. Higgins, Esq,
Gordon Silver
3960 Howard Hughes Pkwy., Ninth Floor
Las Vegas, NV 89169
*Attorneys for Nevada State Bank*

RULE 9021 CERTIFICATION:

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

_ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_X__ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Brigid M. Higgins, Esq, APPROVED
Gordon Silver
3960 Howard Hughes Pkwy., Ninth Floor
Las Vegas, NV 89169
*Attorneys for Nevada State Bank*

___ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

______________________________
Lenard E. Schwartzer, Esq.

###

# EXHIBIT B

EXHIBIT B

# JOINT ESCROW INSTRUCTIONS

September 13, 2011

**[Insert Nevada licensed escrow company and address]**

Attn: _______________

**Re: Escrow No. [XXX]/ Settlement and Release Agreement ("Agreement") by and among Nevada State Bank ("NSB"), Regal Plaza, LLC ("Regal Plaza"), 5831 W. Craig, LLC ("5831"), Delta Point, L.L.C. ("Delta Point"), Real Estate Advisors, LLC ("Real Estate Advisors"), John L. Carnesale ("J. Carnesale"), Louis V. Carnesale ("L. Carnesale") and John L. Carnesale Trust of 1995 (the "Trust" and, together with Delta Point, Real Estate Advisors, J. Carnesale, L. Carnesale and the Trust, the "Guarantors")**

Dear _________:

This letter constitutes joint escrow instructions from (i) Gordon Silver ("GS"), as counsel to NSB, and (ii) Schwartzer & McPherson Law Firm ("Schwartzer"), as counsel to Regal Plaza; and (iii) 5831, to a [**INSERT NEVADA LICENSED ESCROW COMPANY**] (the "Escrow Agent"). This letter is being executed and delivered in connection with the consummation of the settlement transaction (the "Settlement") contemplated by the Agreement. The closing of the Settlement must occur no later than September 16, 2011 (the "Closing Date") in accordance with the terms hereof and the terms set forth in the Agreement.

1. Delivery of Documents.

(a) It is acknowledged that, on or before September 13, 2011 (the "Funding Date"), you, as representative of the Escrow Agent, shall receive executed originals of the following documents (the "Closing Documents"), which shall be held in escrow and released by Escrow Agent in accordance with this letter:

(i) That certain Release of Claims executed by NSB (the "NSB Release");

(ii) That certain Release of Claims executed by Regal Plaza (the "Regal Plaza Release");

(iii) That certain Release of Claims executed by Guarantors (the "Guarantor Release"); and

(iv) That certain Substitution of Trustee and Reconveyance executed by NSB (the "Reconveyance").

2. Transfers of Funds.

It is acknowledged that, on or before the Funding Date, Escrow Agent shall receive funds in an amount equal to Five Million Five Hundred Thousand Dollars ($5,500,000.00) (the "Negotiated Payment Amount") plus funds in the amount of One Hundred Seventy-Five Thousand Dollars ($175,000.00) (the "Operating Cash" and, together with the Negotiated Payment Amount, the "Funds") from Regal Plaza. The Funds shall be held in escrow by Escrow Agent in, and shall be disbursed in, accordance with the Agreement and this letter.

3. Conditions to Closing.

The following are conditions to the closing of the Settlement (collectively, the "Closing Conditions") which each of NSB, Regal Plaza and 5831 require to be satisfied prior to disbursement of the Funds and the delivery of the Closing Documents:

(a) Escrow Agent shall have received the Funds and Escrow Agent shall have delivered confirmation to GS and Schwartzer that all such Funds have been received and are being held in escrow; and

(b) Escrow Agent shall have received the Closing Documents and Escrow Agent shall have delivered confirmation to GS and Schwartzer that all Closing Documents have been received and are being held in escrow, and that Escrow Agent is in a position to release the Closing Documents.

4. Closing Actions.

Upon satisfaction of the Closing Conditions, Escrow Agent shall automatically and without any further instruction, take the following actions on the Closing Date:

(a) Disburse the Negotiated Payment Amount to NSB;

(b) Deliver the Regal Plaza Release and the Guarantor Release to NSB;

(c) Record the Reconveyance with the Clark County, Nevada Recorder's Office;

(d) Deliver the NSB Release to Regal Plaza; and

(e) Disburse the Operating Cash to Regal Plaza.

5. Additional Escrow Instructions.

In the event the closing of the Settlement does not occur by 5:00 p.m. on the Closing Date, Escrow Agent shall immediately and without any further instruction, disburse the Operating Cash to NSB and return each of the Closing Documents to the respective party executing and delivering same to Escrow Agent. In such instance, the Negotiated Payment Amount shall be returned pursuant to the further instruction given to Escrow Agent by Schwartzer.

Please confirm your receipt and acknowledgment of the foregoing instructions by signing a copy of this letter as provided below and returning same to the undersigned via email or facsimile.

Sincerely,

GORDON SILVER

By: ______________________
Its: ______________________

SCHWARTZER & MCPHERSON LAW FIRM

By: ______________________
Its: ______________________

5831 W. Craig, LLC

By: Delta Point, LLC
Its Manager

By: Real Estate Advisors, LLC
Its Manager

By: ______________________
Print: ______________________
Its Manager

The undersigned acknowledges receipt of the above letter and agrees to be bound by its terms.

**[INSERT NEVADA LICENSED ESCROW COMPANY]**

By: ______________________
Its: ______________________
Print Name: ______________________

# EXHIBIT C

EXHIBIT C

**RELEASE OF CLAIMS**

Upon full execution of that certain Settlement and Release Agreement ("*Agreement*") of even date and executed concurrently herewith, and made a part hereof, NEVADA STATE BANK, a Nevada banking corporation ("*Bank*") on behalf of itself and its successors and assigns, in exchange for, and in consideration of, that certain Release of Claims (the "*Debtor Release*"), executed and delivered by REGAL PLAZA, LLC, a Nevada limited liability company ("*Debtor*"), and that certain Release of Claims (the "*Guarantor Release*"), executed and delivered by DELTA POINT, L.L.C., a Nevada limited liability company ("*Delta Point*"), REAL ESTATE ADVISORS, LLC, a Nevada limited liability company ("*Real Estate Advisors*"), JOHN L. CARNESALE, an individual ("*J. Carnesale*"), LOUIS V. CARNESALE, an individual ("*L. Carnesale*"), and the JOHN L. CARNESALE TRUST OF 1995 (the "*Trust*" and, together with Delta Point, Real Estate Advisors, J. Carnesale and L. Carnesale, the "*Guarantors*") with respect to that certain loan made from Bank to Debtor, as specifically described in the Agreement (the "*Loan*"), hereby forever relieves, releases and discharges Debtor and Guarantors, and their past, present and future, heirs, predecessors, successors, assigns, agents, attorneys, representatives, affiliates, related entities, partners, officers, directors, employees, servants, parent, sister and affiliate corporations and entities, stockholders and principals, members, administrators, and joint venturers, including without limitation, successors, and assigns jointly and severally, of and from any and all claims, debts, liens, liabilities, demands, obligations, promises, acts, agreements, costs and expenses (including but not limited to attorneys' fees), damages, losses, actions and causes of action, of whatever kind or nature, at law or in equity, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, for or by reason of any event, transaction, matter or cause whatsoever, with respect to, in connection with or arising out of the Loan, the Guarantees, as defined in the Agreement, or claims relating in any way to the conduct of either Debtor or Guarantors in any way related to the Loan, the Guarantees or any collateral related thereto, including without limitation, any claims or counterclaims under Case No. A-10-622228-B filed in the Eighth Judicial District Court, Clark County, Nevada, which as a condition to the Agreement, is being dismissed with prejudice.

The Bank is aware that it may hereafter discover claims or facts in addition to, or different from, those it now knows or believes to be true with respect to the claims released herein. Nevertheless, it is the intention of the Bank to fully, finally and forever settle and release all such matters, and all claims relative thereto, which do now exist, may exist, or should have existed among them. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

In making this Release of Claims, it is understood and agreed that the Bank specifically warrants and represents that in so doing it had the full unfettered opportunity to be advised and represented by legal counsel of its own selection, and in executing this Release of Claims it does so relying wholly upon its own judgment and advice of counsel of its independent selection. The Bank has made such investigation of the facts pertaining to this Release of Claims, and of all matters relating hereto, as it deems necessary.

The undersigned warrants that no promise or inducement has been offered, except as set forth in the Settlement Agreement, and that it is legally competent and duly authorized to execute this Release of Claims.

The undersigned has read, understands and agrees to all of the terms and conditions of this Release of Claims.

Dated this __ day of August, 2011.

NEVADA STATE BANK,
a Nevada banking corporation

By: ______________________________
Name: ______________________________
Title: ______________________________

# EXHIBIT D

EXHIBIT D

**RELEASE OF CLAIMS**

Upon full execution of that certain Settlement and Release Agreement ("*Agreement*") of even date and executed concurrently herewith, and made a part hereof, REGAL PLAZA, LLC, a Nevada limited liability company ("*Debtor*"), on behalf of itself and its respective past, present and future heirs, predecessors, successors, assigns, agents, attorneys, representatives, trusts, employees, servants, and joint venturers, in exchange for, and in consideration of, that certain Release of Claims (the "*Bank Release*") executed and delivered by NEVADA STATE BANK, a Nevada banking corporation ("*Bank*"), with respect to that certain loan made from Bank to Debtor as specifically described in the Agreement (the "*Loan*"), hereby forever relieves, releases and discharges Bank, and its past, present and future, heirs, predecessors, successors, assigns, agents, attorneys, representatives, affiliates, related entities, partners, officers, directors, employees, servants, parent, sister and affiliate corporations and entities, stockholders and principals, members, administrators, and joint venturers, and each of its affiliates, successors, and assigns, jointly and severally, of and from any and all claims, debts, liens, liabilities, demands, obligations, promises, acts, agreements, costs and expenses (including but not limited to attorneys' fees), damages, losses, actions and causes of action, of whatever kind or nature, at law or in equity, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, for or by reason of any event, transaction, matter or cause whatsoever, with respect to, in connection with or arising out of the Loan or the Guarantees, as defined in the Agreement, including, without limitation, claims relating in any way to (i) any tax consequences associated with the Bank Release, (ii) allegations of Bank liability in connection with the Loan or the Guarantees, (iii) the conduct of the Bank in negotiating, making, managing, servicing and collecting of the Loan, and (iv) any claims or counterclaims under Case No. A-10-622228-B filed in the Eighth Judicial District Court, Clark County, Nevada, which as a condition to the Agreement, is being dismissed with prejudice.

Debtor is aware that it may hereafter discover claims or facts in addition to, or different from, those it now knows or believes to be true with respect to the claims released herein. Nevertheless, it is the intention of Debtor to fully, finally and forever settle and release all such matters, and all claims relative thereto, which do now exist, may exist, or should have existed among them. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

In making this Release of Claims, it is understood and agreed that Debtor specifically warrants and represents that in so doing it has had the full unfettered opportunity to be advised and represented by legal counsel of its own selection, and in executing this Release of Claims it does so relying wholly upon its own judgment and advice of counsel of its independent selection. Debtor has made such investigation of the facts pertaining to this Release of Claims, and of all matters relating hereto, as it deems necessary.

The undersigned warrants that no promise or inducement has been offered, except as set forth in the Agreement, and that it is legally competent and duly authorized to execute this Release of Claims.

The undersigned has read, understands and agrees to all of the terms and conditions of this Release of Claims.

Dated this __ day of August, 2011.

REGAL PLAZA, LLC, a Nevada corporation

By: Delta Point, LLC, its manager
By: Real Estate Advisors, LLC, its manager

By: ______________________________
Its: John Carnesale, manager of Real Estate Advisors, LLC

# EXHIBIT E

EXHIBIT E

**RELEASE OF CLAIMS**

Upon full execution of that certain Settlement and Release Agreement ("*Agreement*") of even date and executed concurrently herewith, and made a part hereof, DELTA POINT, L.L.C., a Nevada limited liability company ("*Delta Point*"), REAL ESTATE ADVISORS, LLC, a Nevada limited liability company ("*Real Estate Advisors*"), JOHN L. CARNESALE, an individual ("*J. Carnesale*"), LOUIS V. CARNESALE, an individual ("*L. Carnesale*"), and the JOHN L. CARNESALE TRUST OF 1995 (the "*Trust*" and, together with Delta Point, Real Estate Advisors, J. Carnesale and L. Carnesale, the "*Guarantors*") on behalf of themselves and their respective past, present and future heirs, predecessors, successors, assigns, agents, attorneys, representatives, trusts, employees, servants, and joint venturers (collectively, the "*Releasing Parties*"), in exchange for, and in consideration of, that certain Release of Claims (the "*Bank Release*") executed and delivered by NEVADA STATE BANK, a Nevada banking corporation ("*Bank*"), with respect to that certain loan made from Bank to Regal Plaza, LLC, as borrower, as specifically described in the Agreement (the "*Loan*"), hereby forever relieve, release and discharge Bank, and its past, present and future, heirs, predecessors, successors, assigns, agents, attorneys, representatives, affiliates, related entities, partners, officers, directors, employees, servants, parent, sister and affiliate corporations and entities, stockholders and principals, members, administrators, and joint venturers and each of its affiliates, successors, and assigns, jointly and severally, of and from any and all claims, debts, liens, liabilities, demands, obligations, promises, acts, agreements, costs and expenses (including but not limited to attorneys' fees), damages, losses, actions and causes of action, of whatever kind or nature, at law or in equity, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, for or by reason of any event, transaction, matter or cause whatsoever, with respect to, in connection with or arising out of the Loan or the Guarantees, as defined in the Agreement, including, without limitation, claims relating in any way to (i) any tax consequences associated with the Bank Release, (ii) allegations of Bank liability in connection with the Loan or the Guarantees, (iii) the conduct of the Bank in negotiating, making, managing, servicing and collecting of the Loan, and (iv) any claims or counterclaims under Case No. A-10-622228-B filed in the Eighth Judicial District Court, Clark County, Nevada, which as a condition to the Agreement, is being dismissed with prejudice.

The Releasing Parties, and each of them, are aware that they may hereafter discover claims or facts in addition to, or different from, those they now know or believe to be true with respect to the claims released herein. Nevertheless, it is the intention of the Releasing Parties, and each of them, to fully, finally and forever settle and release all such matters, and all claims relative thereto, which do now exist, may exist, or should have existed among them. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

In making this Release of Claims, it is understood and agreed that the Releasing Parties, and each of them, specifically warrant and represent that in so doing they have had the full unfettered opportunity to be advised and represented by legal counsel of their own selection, and in executing this Release of Claims they do so relying wholly upon their own judgment and

advice of counsel of their independent selection. The Releasing Parties have made such investigation of the facts pertaining to this Release of Claims, and of all matters relating hereto, as they deem necessary.

The undersigned warrant that no promise or inducement has been offered, except as set forth in the Agreement, and that they are legally competent and duly authorized to execute this Release of Claims.

The undersigned have read, understand and agree to all of the terms and conditions of this Release of Claims.

Dated this __ day of August, 2011.

DELTA POINT, L.L.C.,
a Nevada limited liability company

By: Real Estate Advisors, LLC, its manager

By: ______________________________
Name: John Carnesale, manager of Real Estate Advisors, LCC

REAL ESTATE ADVISORS, LLC,
a Nevada limited liability company

By: ______________________________
Name: John Carnesale, manager of Real Estate Advisors, LLC

______________________________
JOHN L. CARNESALE, individually

______________________________
JOHN L. CARNESALE, AS TRUSTEE OF THE JOHN L. CARNESALE TRUST OF 1995

______________________________
LOUIS V. CARNESALE, individually

# EXHIBIT F

EXHIBIT F

Lenard E. Schwartzer
Nevada Bar No. 0399
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89109
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
Email: bkfilings@s-mlaw.com
*Attorneys for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>REGAL PLAZA, LLC,<br><br>Debtor. | Case No. BK-S-10-26707-BTB<br>Chapter 11<br><br>**FINAL ORDER OF DISMISSAL OF CHAPTER 11 CASE WITH PREJUDICE**<br><br>Date: September __, 2011<br>Time: ___ m. |

This Court having previously entered a Conditional Order of Dismissal of Chapter 11 Case (the "Conditional Order") and the Court having now been informed by Lenard E. Schwartzer, Esq., of the law firm of Schwartzer & McPherson Law Firm appearing on behalf of REGAL PLAZA, LLC ("Debtor") and Brigid M. Higgins, Esq. of Gordon Silver appearing on behalf of creditor NEVADA STATE BANK ("Bank"), that the conditions for final dismissal have been met and good cause appearing,

IT IS HEREBY ORDERED THAT the above-captioned bankruptcy case is dismissed with prejudice.

IT IS HEREBY FURTHER ORDERED THAT, until the Bank is paid $5.5 million, neither the Debtor nor 5831 W. Craig, LLC ("5831") nor any of their insiders pursuant to 11 U.S.C. § 101(31) and/or their affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to, John L. Carnesale, Louis V. Carnesale, the John L. Carnesale Trust of 1995, Delta Point LLC, Real Estate Advisors, LLC, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., shall file or caused to be filed another bankruptcy case of Debtor or a bankruptcy case of 5831 under any chapter of the Bankruptcy Code for 180 days from the entry of this order. If the Debtor or 5831 or any of their insiders pursuant to 11 U.S.C. § 101(31) and/or their affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to, John L. Carnesale, Louis V. Carnesale, the John L. Carnesale Trust of 1995, Delta Point LLC, Real Estate Advisors, LLC, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., does file or cause to be filed a bankruptcy case of the Debtor or 5831 in violation of this order, the bankruptcy court shall immediately enter an order lifting the automatic stay pursuant to 11 U.S.C. § 362(a) for the benefit of the Bank by a motion heard on shortened time and the 14 day stay of such order pursuant to Fed.R.B.P. 4001(a)(3) is waived. The Debtor, 5831 and their insiders pursuant to 11 U.S.C. § 101(31) and/or their affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to, John L. Carnesale, Louis V. Carnesale, the John L. Carnesale Trust of 1995, Delta Point LLC, Real Estate Advisors, LLC, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., shall not oppose such motion for relief from the automatic stay.

IT IS HEREBY FURTHER ORDERED THAT, if the property, real or personal, of the Debtor is transferred to an entity other than 5831, until the Bank is paid $5.5 million, neither that entity nor any of its insiders pursuant to 11 U.S.C. § 101(31) and/or its affiliates as defined

pursuant to 11 U.S.C. § 101(2), including but not limited to, Debtor, 5831, John L. Carnesale, Louis V. Carnesale, the John L. Carnesale Trust of 1995, Delta Point LLC, Real Estate Advisors, LLC, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., shall file or caused to be filed a bankruptcy case of that entity under any chapter of the Bankruptcy Code for 180 days from the entry of this order. If that entity, Debtor, 5831, or any of their insiders pursuant to 11 U.S.C. § 101(31) and/or their affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to, John L. Carnesale, Louis V. Carnesale, the John L. Carnesale Trust of 1995, Delta Point LLC, Real Estate Advisors, LLC, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., does file or caused to be filed a bankruptcy case of that entity in violation of this order, the bankruptcy court shall immediately enter an order lifting the automatic stay pursuant to 11 U.S.C. § 362(a) for the benefit of the Bank by a motion heard on shortened time and the 14 day stay of such order pursuant to Fed.R.B.P. 4001(a)(3) is waived. The Debtor, 5831, that entity and theirinsiders pursuant to 11 U.S.C. § 101(31) and/or their affiliates as defined pursuant to 11 U.S.C. § 101(2), including but not limited to, John L. Carnesale, Louis V. Carnesale, the John L. Carnesale Trust of 1995, Delta Point LLC, Real Estate Advisors, LLC, Tower Realty & Development, LLC, Taylor Financial, LLC, Taylor Consultants, LLC, Nevada Underground, LLC, Critical Path Construction, LLC and Efrem A. Rosenfeld, VI, Inc., shall not oppose such motion.

SUBMITTED BY:

By: ______________________________

Lenard E. Schwartzer, Esq.
The Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146
*Attorneys for Debtor*

APPROVED/DISAPPROVED:

By:______________________________

Brigid Higgins, Esq,
Gordon Silver
3960 Howard Hughes Pkwy., Ninth Floor
Las Vegas, NV 89169
*Attorneys for Nevada State Bank*

RULE 9021 CERTIFICATION:

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

__ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

__X_ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Brigid Higgins, Esq, APPROVED
Gordon Silver
3960 Howard Hughes Pkwy., Ninth Floor
Las Vegas, NV 89169
*Attorneys for Nevada State Bank*

___ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

______________________________
Lenard E. Schwartzer, Esq.

# # #